# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### LAFAYETTE DIVISION

|  |  |  |
|---|---|---|
| JOHN A LUTZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.:  4:19-CV-00018-WCL |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

This matter is before the court on a motion for an award of attorney fees under 42 U.S.C. §406(b), filed by Plaintiff's attorney on March 22, 2022 [Doc. 30, 31].  Defendant, the Acting Commissioner, filed an informational response on April 5, 2022, voicing no opposition to the motion.

The motion seeks approval to charge and collect a fee for services performed in relation to Plaintiff's complaint for review under 42 U.S.C. § 405(g) filed on February 21, 2019 [Doc. No. 1].  After briefing, the Court entered an Order on January 23, 2020, reversing the Acting Commissioner's decision denying Plaintiff's disability benefits application and remanding the case under sentence four of 42 U.S.C. § 405(g) [Doc. Nos. 24, 25].  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991) (explaining difference between sentences four and six of 42 U.S.C. § 405(g)).  On remand, an Administrative Law Judge (ALJ) found Plaintiff was disabled, and SSA determined he was entitled to disability benefits dating back to January 2016.  Plaintiff's "past-due benefits" totaled approximately $66,700.00, and SSA was withheld $16,676.13 for payment of attorney fees.

Plaintiff hired his attorney to appeal the denial of his disability claim pursuant to a contingency fee contract dated February 15, 2019.  The contract provided that if Plaintiff prevailed on his claim, he would pay a fee up to 25% of any past-due benefits awarded minus any fee that counsel received under the Equal Access to Justice Act (EAJA), Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.  Plaintiff owed no fee if the ALJ's unfavorable decision was affirmed by the Court, although counsel was permitted to retain any EAJA fee received regardless of the remand outcome.  On May 12, 2020, this Court granted Plaintiff's motion for attorney fees under the EAJA in the amount of $9,800.00 [Doc. No. 29].  Counsel received the full amount of the award.

The Social Security Act's provisions governing attorney fees are found at 42 U.S.C. § 406(b).  *See Gisbrecht v Barnhart*, 535 U.S. 789, 794 (2002) ("§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.").  For fee contracts under § 406(b) "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807.  Although the court must review the fee and act as an "independent check" for reasonableness in all § 406(b) fee matters, Congress intended judicial review safeguard against unreasonable results in particular cases and not to override the fee contract.  *Id*.  Nonetheless, even when the fee contract adheres to the 25% boundary, the attorney for a successful claimant must show that the fee sought is reasonable for the services rendered. *Id*.  In making this determination, the Court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits or if the fee is so large in comparison to the

amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id*. at 808.

Plaintiff's attorney contends, and the Commissioner does not dispute, that the requested total fee for representation in th federal court proceedings of $16,676.13 is reasonable.  This amount reflects the valid contingency contract between Plaintiff and his counsel, and it is reasonable in light of factors such as the substantial risk associated with this litigation, the potential recovery, the results obtained for the Plaintiff, and the time Counsel expended on the matter.  Taking into account the previously received EAJA fee, Plaintiff's attorney asks the Court to order SSA to pay $6,876.13 from the funds it withheld from Plaintiff's past due benefits.  Defendant points out that this "netting" method of settling the fee owed by Plaintiff is "disfavored" by the Seventh Circuit, but she acknowledges that it is permissible and that "it is for this Court to determine whether "netting" is appropriate here." [Doc. 32].

Payment of $6,876.13 by SSA from the funds it withheld from Plaintiff's past due benefits is consistent with the EAJA prohibition against counsel receiving and retaining a fee under both the EAJA and 406(b) as compensation for the same work.  Although, in a contested case, the Seventh Circuit agreed with reasoning from a sister circuit describing the "netting method" as "permissible [but] disfavored," the method of payment is not disputed in this case. *See O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2021).  "Counsel [for Plaintiff] is correct that the netting method is permissible. And [she] might be right that that method is less convoluted." *Id*.  Because paying counsel only what she is owed after deducting the previously received EAJA fee is permissible and efficient, and because Defendant has raised no objection, counsel's request will be granted.

Accordingly, as Plaintiff's attorney has followed the terms of the fee contract and the applicable statutes, this court will grant the motion for approval of a fee under § 406(b).

<u>**Conclusion**</u>

On the basis of the foregoing, Plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) is hereby GRANTED.  A total fee of $16,676.13 is allowed under § 406(b), and in light of the EAJA fee already received by Plaintiff's attorney, the Court ORDERS that payment be made by the Commissioner in the amount of $6,876.13 directly to Plaintiff's attorney, in accordance with the fee contract.

SO ORDERED this 19th day of April, 2022.

s/ William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT